JUDELOWICH & BADER *v.* UNITED STATES

**No. 4531.**—Invoice dated Wilno, Poland, September 14, 1936.
        Certified September 16, 1936.
        Entered at New York.
        Entry No. 47722.

(Decided February 27, 1939)

*Hoenig & Hoenig (Moses H. Hoenig* of counsel) for the plaintiffs.
*Webster J. Oliver,* Assistant Attorney General *(Richard F. Weeks,* special attorney), for the defendant.

KEEFE, Judge: This reappraisement is brought because of advances by the appraiser upon dried mushrooms imported from Poland. The merchandise consists of four grades of mushrooms. Grade grzybow was invoiced and entered at 6.45 Polish zlotys per kilo and appraised at 8 zlotys per kilo; grade czapecski was invoiced and entered at 10.50 zlotys per kilo and appraised at 11 zlotys per kilo; grade zoczok was invoiced and entered at 2.10 zlotys per kilo and appraised at 3 zlotys per kilo; and grade korzenie was invoiced and entered at 2.10 zlotys per kilo and appraised at 2.50 zlotys per kilo. The merchandise was entered at said prices plus packing and plus "Nasze komisowe" (commission) as dutiable items. The appraised prices were net, packed.

The importer contends that the entered values represent the market value of the merchandise. At the trial it was established that the invoice prices were the prices actually paid for the merchandise. The Government also conceded the usual wholesale quantity. It is settled that the importer appealing for reappraisement must prove

both the foreign value and the export value. See *United States* v. *Downing*, 20 C. C. P. A. 251, T. D. 46057. The plaintiff has failed, however, to prove that upon the date of shipment in question similar mushrooms were freely offered for sale in the principal markets of Poland in the usual wholesale quantities and in the ordinary course of trade, or that the prevailing prices in the wholesale trade, either for home consumption or for export to the United States, were no higher than the entered prices. The plaintiff also failed to prove where the principal markets in Poland were located and whether these invoice prices prevailed there.

I therefore find that the presumption of correctness of the appraiser's findings of value has not been overcome, and judgment will be entered in favor of the defendant, affirming the values found by the appraiser.